———o———

JOSEPH PHILLIPS, Respondent, v. CLINGAN SCOTT, Appellant.

1. *Practice, Civil — Evidence — Letters — Copies, where admissible.* —Where a party to a suit failed to produce certain letters in response to a notice so to do, and there was sufficient proof that they had been deposited in the post-office, and directed to the proper address, the presumption that they had been received by due course of mail would, perhaps, be sufficiently strong to authorize the reading in evidence of copies. But in the absence of positive and satisfactory proof of that fact, there would be no error in excluding them.

2. *Agency — Consignment — Factor, sales by — Place of, how fixed.*— Where a consignment is made to a factor for sale, unaccompanied with instructions from the principal, and in the absence of an established usage of trade to the contrary, it may be presumed that the produce is intended to be sold at the residence of the factor. The intent of the principal, which, in such cases, is to be gathered from the circumstances, alone fixes the character of the contract between the parties as to the place of sale, and the factor is not at liberty to disregard it.

3. *Agency — Consignee — Shipment of produce to other markets by; when authorized — Usage of trade.*— A consignee residing in St. Louis has no authority, merely by virtue of the consignment, to ship produce to another market for sale. Where evidence tends to prove the existence of a usage of trade which authorized commission merchants in St. Louis, in their discretion, to ship produce to other markets, an instruction to that effect might be given to the jury; but such usage, to be of any avail, ought to be so general and well established that it might for that reason be presumed to have entered into the contract, or that it had actually been brought home to the knowledge of the principal.

4. *Agency — Factor — Advancements by — Power to Sell, in case of.*— When a factor has made large advancements to his principal upon produce consigned to him, and disposal thereof becomes necessary to protect himself against loss, his discretion as to time, price, and place of sale, would be complete, and unlimited even by positive instructions. But if intended to be relied upon as a defense, such necessity should be properly pleaded; and the *onus* of proof would rest upon defendant to show such necessity.

Phillips v. Scott.

*Appeal from St. Louis Circuit Court.*

*Hitchcock & Lubke*, for appellant.

I. The proof made — that plaintiff had received the original letters — was sufficient. (Hagedom v. Reid, 3 Camp. C. 377-9; Miller v. Hackley, 5 Johns. 384.)

II. The court below erred in giving the first instruction asked by plaintiff, because the answer denied generally that anything was owing to plaintiff, and because the answer set up that defendant had accounted to plaintiff for everything. (Loler v. Cool, 37 Mo. 85; Mo. Coal Oil Co. v. Hann. and St. Jo. R.R. Co. 35 Mo. 85; Dassler v. Wisley, 32 Mo. 498.)

III. The court below erred in giving plaintiff's second instruction, and refusing the one asked by defendant, because it misled the jury in enabling them to determine as to what amounted to an " assent " to the making of the shipments east.

IV. The last instruction given for plaintiff was erroneous : 1. Because there was evidence showing that, by the custom of commission merchants in the St. Louis market, there was an authority for making the shipments east; and, in giving this instruction, the court took away from the jury the consideration of this custom. It is well settled that this custom was sufficient as an authority for making these consignments east. (Story Ag. § 34, p. 31, 6th ed.; also, § 14.)  2. Defendant had advanced very largely on the consignments of the plaintiff, and this is shown by the pleadings and the evidence. He therefore had a special property in the flour, and he had a right to sell, in his ·discretion, in order to reimburse himself for his advances. (Brown v. McGran, 14 Pet. 480.)  In the case now before the court there was no offer to make good the advances; no express instructions from plaintiff, as in the case just cited. (Warfield v. Douglas, affirming Brown v. McGran, 1 Sandf. S. C. 360.) These authorities clearly settle that a factor has a right (even when he has express instructions to the contrary) to sell in order to reimburse himself, and in so selling he must exercise a sound discretion.

*Knox & Smith*, for respondent.

Defendant had no right to send the flour consigned to him to
any foreign market for sale. (Story Ag. §§ 33–5.) Scott
& Bros. could not delegate the power given to them to other
agents. It is a personal trust. (Edw. on Bailm. 280–3.) By
consigning the flour to Scott & Bros., at St. Louis, plaintiff desig-
nated the market where the flour was to be sold; and without his
authority his agents could not sell the flour elsewhere without
incurring a liability to account to plaintiff for the damages he
might sustain by reason of such sale.

FAGG, Judge, delivered the opinion of the court.

The plaintiff's claim in this case was for the difference between
the alleged value of five hundred barrels of flour in the St. Louis
market and the sum for which it actually sold in the city of New
York. The petition alleges that the flour in question was con-
signed to the appellant (defendant below), a factor residing in
St. Louis, for the purpose of being sold in that market; that it
was shipped without authority to the city of New York, and there
sold; that the defendant had only accounted to plaintiff for the
sum of thirteen hundred and twenty-two dollars and forty cents
as the proceeds of said sale; that the flour at the time of ship-
ment was worth in the St. Louis market seven dollars and fifty
cents per barrel, making a total of thirty-seven hundred and fifty
dollars, the difference for which he asked judgment, being the
sum of twenty-four hundred and twenty-seven dollars and sixty
cents.

The answer denies that there was any order or direction to sell
in the St. Louis market, or any limitation by positive instructions
in relation to the place of sale or the price. It is averred that,
from time to time, previous to the shipment, plaintiff had con-
signed to defendant large quantities of flour — a portion of
which, with the knowledge and consent of plaintiff, had been
shipped to the eastern markets, and there sold for a profit; that
a part of the lot of flour in question became sour before it could
be sold, and was consequently disposed of at a much less rate than

it would otherwise have brought; that defendant had made large advancements to plaintiff upon these different consignments, and claimed a small balance to be still due him according to an account rendered. It is further stated, by way of defense, that the defendant had good right to make the shipment complained of, " according to the well-known and established usage of merchants in St. Louis;" and concludes with the general averment that the flour was not worth the amount claimed, and that he had fully accounted to plaintiff for every barrel consigned to him, " at its true value, and for the entire proceeds thereof." The plaintiff had judgment in the St. Louis Circuit Court for the sum of fourteen hundred and sixty dollars, and the defendant brings the case here by appeal.

Previous to the trial defendant had given notice to the plaintiff to produce certain letters addressed to him for the purpose of informing him of the disposition made of his flour. They were not produced according to the notice, and an offer was made to read copies from the defendant's letter-book. As a foundation for the introduction of this secondary evidence, the defendant was asked to state, in his examination, whether the originals were sent to the plaintiff, and he stated that they were. Upon cross-examination, this statement was qualified by the following answer as to his means of knowing the fact, viz. : " I generally carried them to the office; but I cannot say that they were put into the post-office, positively; I believe they were." With sufficient proof of the fact that they had been deposited in the office and directed to the proper address of the plaintiff, the presumption that they had been received by due course of mail would have been sufficiently strong, perhaps, to have authorized the reading of the copies. But it is sufficient to say, in this case, that there was no positive and satisfactory proof of that fact, and therefore no error was committed in excluding them. They constituted only one link, so to speak, in a chain of circumstances tending to show plaintiff's acquiescence in what had been done by defendant in reference to the consignment. The defendant really had the benefit of the substance contained in the letters, as he was permitted to state in his examination their general purport, as well as declarations and

conduct of the plaintiff in reference to them. At most, their effect would have been simply to corroborate the statements of the defendant, and we are not warranted in believing that that alone might have been sufficient to alter the finding of the jury.

On behalf of the plaintiff, the jury were instructed: first, that the pleadings admitted that only the sum of thirteen hundred and twenty-two dollars and forty cents had been accounted for by defendant; second, that without the assent or subsequent approval of plaintiff the shipment of the flour to New York was unauthorized; and third, that a consignee living in St. Louis has no authority, merely by virtue of the consignment, to ship produce to another market, for sale. An instruction was given on the part of the defendant which placed before the jury the question of fact, so far as the assent or acquiescence of the plaintiff was concerned, as well as the care and diligence actually exercised by defendant in the shipment and sale of the flour.

Another instruction, stating the question of assent in a little different form, was refused by the court. There was no error in such refusal, for the reason that all the instructions given in the case sufficiently covered that point, and there was no necessity for any further direction.

It is insisted, on the part of the appellant, that the pleadings did not authorize the giving of the plaintiff's first instruction, and that its effect was to exclude from the jury the consideration of certain facts proved on the trial, from which it appeared that defendant had actually paid more than the sum therein stated. The allegation of the petition is that the flour was worth so much per barrel; that the whole amount estimated at that value was three thousand seven hundred and fifty dollars, and that only the sum stated had been accounted for, leaving the balance due for which judgment was asked. The answer denied the value per barrel, as well as the amount claimed to be due, and averred that' the whole shipment had been accounted for at its true value, without a specific denial of the correctness of the statement as to the sum actually paid. Now, it is manifest that the sum claimed to be still due the plaintiff, and for which he asked judgment, was really the substantial part of the allegation. The general denial

of its truth by the defendant would not necessarily operate as a denial of the statement that only so much of the entire value of the flour had been accounted for. That might have been admitted, and still the answer would stand unaffected by it. But in any event the legal effect of the instruction was only to apprise the jury that the one fact was to be taken as admitted, and not that it was sufficient to control their verdict, to the exclusion of all other evidence in the case. It would seem to be a reasonable interpretation of the pleadings, and therefore not objectionable.

We proceed next to examine the principles of law as stated in the remaining instructions both for the plaintiff and defendant, as they may all be considered together.

It would seem to be altogether reasonable, as well as consistent with the general principles of law regulating agency, to presume that where a consignment is made to a factor for sale, unaccompanied with instructions from the principal, and in the absence of an established usage of trade to the contrary, it is intended to be sold at the place of residence of the factor. The intent of the principal, which, in such a case, is to be gathered from the circumstances, alone fixes the character of the contract between the parties as to the place of sale, and the factor is not at liberty to disregard it. In this case it is not pretended that there were any instructions given by the principal upon that point. One ground of the defense was that the shipment to another market was assented to and acquiesced in by the plaintiff. This was exclusively a question of fact for the jury, and seems to have been very fairly presented for their consideration by all the instructions. But it is insisted, on the part of the appellant, that the third instruction given for plaintiff was erroneous, because there was evidence in the case tending to prove the existence of a usage of trade which authorized commission merchants in St. Louis, in their discretion, to ship produce to other markets.

It is true that this was one ground of defense set up in the answer, and that testimony was introduced upon that point. Hence, it would have been altogether proper, if the defendant had desired the jury to pass upon that question, to have asked an instruction predicated upon the proof of such a fact. But it was not done.

The instruction, as it stands, contains a correct proposition of law. As to the question of assent or acquiescence, it was well qualified and explained by the other instructions in the case. It was unquestionably the right of the defendant to have had it further explained by an instruction properly drawn upon this point also. Failing to do so, it is fair to presume that he did not consider the state of the proof sufficient to rely upon that branch of his defense, and it is too late now to object.

It should perhaps be said that such a usage, to be of any avail as a defense in a case like this, ought to be so general and well established that it might for that reason be presumed to have entered into the contract, or that it had actually been brought home to the knowledge of the principal.

Notwithstanding there was some testimony offered upon this point both by the plaintiff and the defendant, yet the theory upon which all the declarations of law were drawn seems to have been that the real questions of fact to be determined upon the proofs advanced were whether the plaintiff had assented to the shipment, or whether, being informed of it afterward, he had acquiesced in it.

We think it is too late now to say that there were other questions of fact that ought to have been pressed upon the consideration of the jury by the instructions.

The only remaining question to be considered relates to the legal rights of the defendant arising from the advancements made upon the produce consigned to him. It is averred in the answer, and shown by the evidence in the case, that defendant had at different times made large advancements upon the consignments of plaintiff to him. Upon this it is insisted by appellant's counsel, as a matter of law, that the factor had thus acquired a special property in the flour, and, for the purpose of reimbursing himself, might, in his discretion, sell in any market; and that this would be true even though he had received express instructions from his principal as to the place of sale.

There can be no doubt of the proposition that, in a case where the protection of the factor himself against loss becomes neces-sary, his discretion as to time, price, and place of sale would be complete, and unlimited even by positive instructions. But we are

not at liberty to assume; either from the pleadings or the proof in this case, that such necessity did exist. It is not so averred in the answer, nor is there any fact proved from which it may be legitimately inferred. If intended to be relied upon as a defense, it should not only be properly pleaded, but the *onus* of the proof would rest upon the defendant to show the existence of such necessity.

From all that appears from the evidence, it is fair to presume that the price which could have been obtained in the St. Louis market would have been sufficient to protect the defendant from any loss on account of advancements. The mere fact, therefore, that advancements have been made by the factor, without evidence to show that a sale within his own discretion is necessary to reimburse him, cannot remove the limitations which the implied contract in this case imposes. We can find no error in the proceedings that will authorize a reversal of the judgment.

The other judges concurring, the judgment is affirmed.