ROBERT S. HOWARD, *et al.*, Respondents, *vs.* FREDERICK W. SMITH, Appellant.

1. *Contracts—Factors—Commission merchants—Rights of—Advances.*—Where merchandize is consigned to a commission merchant to be held and disposed of on account of the consignor, without any specific orders as to time and mode of sale, and the consignee makes advances or incurs liabilities on the consignment for the benefit of the consignor, the legal presumption is, that the consignee is clothed with the ordinary right of factors to sell, in the exercise of a sound discretion, at such time and in such a manner as the usage of trade and his general duty require, and to re-imburse himself for his liabilities out of the proceeds of the sale; and the consignor has no right by subsequent orders, given after advances have been made or liabilities incurred by the factor, to suspend or control this right of sale except so far as respects any surplus not necessary for the re-imbursement of such advances or liabilities. And where the consignee has called upon the consignor to advance to him a sufficient sum to indemnify him against loss, and the consignor has failed to do so, the consignee has the undoubted right, in the exercise of a sound discretion to sell so much as is necessary for his protection, at the current rates; even though such sale be made at a lower rate than demanded by the consignor.

*Appeal from St. Louis Circuit Court.*

*Slayback & Hæussler*, for Appellant.

I. A merchant assenting to sell on orders is not at liberty to disobey them. (Given vs. Lemoine, 35 Mo., 119.)

II. If respondent received our order to sell at seventy cents, and telegraphed that they were selling as fast as possible, they should certainly account at that price for all sold after that date.

*S. M. Smith*, for Respondents.

"There can be no doubt of the proposition, that in a case where the protection of the factor himself becomes necessary, his discretion as to time, price and place of sale would be complete and unlimited even by positive instructions." (Phillips vs. Scott, 43 Mo., 92; see also Given vs. Lemoine, 35 Mo., 119; Denny vs. Rhodes, 18 Mo., 152; Brown vs. McGraw, 14 Pet., 479; 1 Sand., 360.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs, who were commission merchants at New Orleans, received in June, 1870, a consignment of 310 sacks of oats from defendant, and also purchased for defendant at his request 2065 sacks of oats in the same month, making in all 2375 sacks, held by plaintiffs from purchase and consignment as factors for defendant and on his account. Plaintiffs made a large advance on the oats consigned to the defendant, and on July 27, 1870, defendant ordered the plaintiffs to sell the oats at sixty-seven cents per bushel or better. That price could not be obtained for the oats in the market, and they were not sold. On August 4, 1870, plaintiffs drew a draft on defendant for $1000, as margin on said oats, which draft was not paid. On Sept. 20, 1870, plaintiffs again wrote to defendant asking him if they should sell, and saying that after waiting a reasonable time they should proceed to sell. They however still continued to carry the oats till December 28, 1870, when they drew another draft on defendant for $1,500 to indemnify them, but this draft was not paid. Plaintiffs waited till January 11, 1871, and then commenced selling at the prevailing market prices. On the 27th day of January, 1871, defendant instructed the plaintiffs to sell the oats at seventy cents per bushel, unless they believed that oats would go higher, and plaintiffs replied that they were selling as fast as possible. The evidence shows that the oats were sold at full market prices, but they did not bring the amounts limited by the defendant in his instructions; and after crediting the defendant with the money realized from their sale, there was found to be a balance due to plaintiffs for which they brought their action. In the Circuit Court they obtained judgment.

The main question is, whether the plaintiffs had the right to sell to re-imburse and protect themselves for their advances and liabilities incurred for, and on account of, the defendant.

Gamble, J. in his opinion in Denny vs. Rhodes, (18 Mo., 147,) says that a factor may sell, to re-imburse his advances, so much of the consignment as is necessary for that purpose, if the sale is made in the usual mode; and in Phillips vs.

Scott, (43 Mo., 92,) it was declared that there could be no doubt of the proposition, that in a case where the protection of the factor himself against loss became necessary, his discretion as to time, price and place of sale would be complete and unlimited, even by positive instructions.

In the leading case of Brown vs. McGraw, (14 Pet., 479,) it was held (Story, J. delivering the opinion) that where the consignment is made generally, without any specific orders as to time and mode of sale, and the factor makes advances or incurs liabilities on the footing of such consignment, the legal presumption is, that the factor is intended to be clothed with the ordinary rights of factors, to sell in the exercise of a sound discretion, at such time and in such manner as the usage of trade and his general duty require, and to reimburse himself for his liabilities out of the proceeds of the sale; and the consignor has no right by any subsequent orders, given after advances have been made or liabilities incurred by the factor, to suspend or control this right of sale, except so far as respects the surplus of the consignment not necessary for the reimbursement of such advances or liabilities. (Marfield vs. Douglass, 1 Sandf., 360; 3 Comst.; Blot vs. Boiceau, *Id.*, 78; Gihon vs. Stanton, 5 Seld., 476; Blackman vs. Thomas, 28 N. Y., 67; Field vs. Farrington, 10 Wall., 141.) When the defendant consigned the 310 sacks of oats to the plaintiffs, it does not appear that any specific instructions were given in reference to the price or terms of sale. But plaintiffs held them and made advances on them. The 2065 sacks were purchased for the defendant at his request by the plaintiffs, they advancing the money to pay for them. The market was drooping and depressed, and they were unable to sell for the price demanded by the defendant. Under these circumstances, plaintiffs applied to defendant for an advance to indemnify and protect them against loss, but defendant refused to accede to this request. We think then, that in the exercise of a proper discretion, and for the purpose of protecting themselves, the plaintiffs had the undoubted right to sell so much as was necessary for their protection at the current rates.

They had made no agreement to hold on to the oats an indefinite time, and lie out of the use of their money, and unless the defendant, when they requested it, had given them an indemnity or protection, they were under no legal obligation to wait longer. This disposes of the only question of any importance in the case. Several objections have been raised to the ruling of the court in respect to the pleadings and the admissibility of evidence, and also in refusing instructions, and we have examined them all, and can find no error that would justify us in disturbing the judgment.

It will therefore be affirmed; the other judges concur.