WILLIAM B. PINKHAM *vs.* JEFFERSON CROCKER.

Penobscot. Opinion December 8, 1885.

*Factors. Sales.*

A factor to whom goods are consigned to sell, may sell them on credit, in his own name, and the principal is bound by the sale, unless it be shown that the sale was contrary to usage or to instructions.

If the factor fails to use due care and diligence in making the sale to responsible persons, or is guilty of inattention to his principal's interest after the sale is made, he is liable to the principal for any loss occasioned by his neglect.

ON REPORT.

Assumpsit on an account annexed for sixteen sacks of wool — two thousand two hundred sixty eight and one-half pounds at twenty seven cents a pound — six hundred twelve dollars and fifty cents; also for money had and received.

The wool was sold by the defendant in his own name with other wool belonging to him to the Sebec Woolen Company on sixty days' time and the purchaser failed before the payment was due and paid twenty-five cents on a dollar. The opinion states other material facts.

*Charles P. Stetson* and *John F. Robinson*, for the plaintiff, contended that the defendant was liable for the value of the plaintiff's wool because he did not authorize the defendant to sell on credit, and because the defendant settled with the purchaser without authority and thus released the buyer from plaintiff's claim and right of action.

The authorities are conflicting upon the right of an agent to sell goods, consigned to him for sale, on credit. *Greely* v. *Bartlett*, 1 Maine, 172, sustains the position of the defendant, as also, do some cases in Massachusetts. But there are authorities to the contrary. 2 Kent, Com. (12th ed.) 622 says: "a factor or merchant who buys or sells for commission, or as an agent for others for a certain allowance, may, under certain circumstances sell on credit; without any special authority for that purpose, though as a general rule, an agent for sale must sell for cash, unless he has an express authority to sell on credit." See also 1 Parsons, Contr. 58; *Bradley* v. *Richardson*, 23 Vt. 732; *School District* v. *Aetna Ins. Co.* 62 Maine, 330.

The defendant is liable because he settled with the Woolen Company without authority from the plaintiff. 1 Parsons, Contr. 94; *Higgins* v. *Moore*, 34 N. Y. 417; *Brown* v. *Arrott*, 6 Watts & S. 402; *Blackman* v. *Green*, 24 Vt. 17.

*John Varney*, for the defendant, cited: *Greely* v. *Bartlett*, 1 Maine, 172; *Goodenow* v. *Tyler*, 7 Mass. 36; *Dwight* v. *Whitney*, 15 Pick. 179; *Vail* v. *Durant*, 7 Allen, 408; *Bartlett* v. *Hamilton*, 46 Maine, 435; *Hapgood* v. *Batcheller*, 4 Met. 573; *Gorman* v. *Wheeler*, 10 Gray, 362.

PETERS, C. J.   The defendant, as a factor, no instructions being imposed upon him, sold the plaintiff's wool at the plaintiff's risk, upon credit; the purchaser failing before the debt became due.  The defendant exercised due care in taking the risk, if he was justified in so selling the goods.   Does the law authorize a factor to sell his principal's goods on credit?

It was held in an early case in this state that a factor has such authority.   *Greely* v. *Bartlett*, 1 Maine, 172.   It was the doctrine of the Massachusetts court when our own state was a portion of that commonwealth.   *Goodenow* v. *Tyler*, 7 Mass. 36.   It is the general doctrine.   Story, Ag. § § 60, 110 and cases there cited.

We do not think it necessary for the defendant to show that it is a usage of trade to sell wool upon credit.   Of course, if the sale was made in defiance of a usage which forbids a sale on credit, the defense fails.   But it is fair to presume that a usage exists which permits such a sale unless the contrary be shown. We know that, as far as most descriptions of goods are concerned, it is not unusual to sell on credit.   The factor often sells his own goods on credit, and it is to be presumed that he is clothed with as much discretion when he sells goods belonging to others.   It is not unreasonable to suppose that the principal would have sold the goods on credit had the sale been made by him without the aid of a factor.   Should it be necessary, however, to appeal to the evidence for the defendant's justification, we should not hesitate to declare that, in our opinion, such a usage as the defendant invokes is affirmatively proved.

The plaintiff contends that the defendant made himself personally liable for the goods because he was guilty of negligence in not seasonably apprising the plaintiff of the circumstances of the sale, and in not using more diligence than he did use to

.collect the debt.   The evidence does not support the contention. If a factor exposes his principal to risk of loss by any want of information which the principal is entitled to from him, or by .any inattention to his principal's interests, he is responsible for all the natural consequences of the neglect.   The law requires diligence and a lively interest on his part in his employer's affairs.   But what better action could have been taken than was taken by the defendant after the purchaser failed?   His own wool was covered by the same sale.   He took the same percentage in settlement with the purchaser that all other creditors received.   The plaintiff evidently intended, after the purchaser failed, to cast the loss upon the defendant, if he could, and he seems to have been unwilling to participate in the responsibility ,of any settlement of the debt either by word or act.   The cases .cited upon the brief submitted for the plaintiff are not applicable to these facts.   The case cited upon the brief for the defense, *Gorman* v. *Wheeler*, 10 Gray, 362, is in point.

The plaintiff is entitled to recover, under the money count, :the amount which the defendant received from the purchaser on :his account.

*Defendant defaulted accordingly.*

DANFORTH, VIRGIN, EMERY, FOSTER and ASKELL, JJ., .concurred.