FOURTH NATIONAL BANK OF CINCINNATI *et al. v.* MAYER.

1. A joint judgment cannot be rendered against the defendant in attachment and the garnishee.

2. Where by the bill of lading the goods are deliverable to the order of the consignor, who indorses it in blank and delivers it, together with his draft for the purchase price, to a bank, indorsing the draft for deposit to his own credit, and the bank thereupon forwards both documents to another bank at the place to which the goods are consigned, and a third person pays the draft, receives the bill of lading and takes the goods as purchaser, the bank is not a joint vendor with the consignor, but the consignor alone is the vendor and liable to the purchaser for any defect in the quality of the goods, or any failure of an implied warranty as to their quality. A joint action against the consignor and the bank upon such warranty is not maintainable.

3. Where a regular customer of a bank deposits with the bank his draft payable to his own order and indorsed, " For deposit to the credit of" the drawer, and the same is entered to his credit on the books of the bank and forwarded by the bank to another bank for collection, the drawer, by the course of dealing, having the right to check against such deposit and in fact checking against it, and his checks being honored, the title to the draft passes to the first bank, and when collected by the second, the proceeds are not subject to garnishment at the instance of a creditor of the drawer, such proceeds being the property, not of the drawer but of the first bank. This case is distinguishable from *C. R. R.* v. *First Nat. Bank*, 73 *Ga.* 383, and *Freeman* v. *Exchange Bank*, 87 *Ga.* 45.          *Judgment reversed.*

March 23, 1892. Argued at the last term.

Attachment. Garnishment. Judgment. Practice. Indorsement. Draft. Before Judge BOWER. Dougherty superior court. April term, 1891.

Attachment was sued out by Mayer against Laidley & Co. and the Fourth National Bank of Cincinnati, Ohio, on April 18, 1890, and on the same day a summons of garnishment issued and was served on the First National Bank of Albany, and its answer was traversed. At the trial the following facts appeared: Laidley & Co., of Cincinnati, Ohio, sold and shipped to N. L. Ragan, of Albany, Ga., a car-load of meat for which he

was to pay on arrival at Albany. On the same day (April 11, 1890) they drew on Ragan for the price of the meat, attaching to the draft the bill of lading issued at Cincinnati to "shippers' order" with direction to "notify N. L. Ragan, Albany, Ga." indorsing the bill of lading to the Fourth National Bank of Cincinnati, and indorsing the draft, "For deposit to the credit of F. A. Laidley & Co.," which was their regular indorsement on checks and drafts deposited. The draft was payable on demand.' It was further indorsed by the cashier of the Fourth National Bank "for collection and returns." Three days after the date of the draft Laidley & Co. deposited it with the attached bill of lading in their current account with the Fourth National Bank, and the amount of the draft was credited to them on the books of that bank. The deposit-slip contained, among other words, "All checks credited subject to payment." The First National Bank of Albany, as the agent of the Fourth National Bank, received for collection the draft with the bill of lading attached, and the draft was paid and the bill of lading taken up with it by Mayer who had, by purchase from Ragan, assumed his rights and liabilities. The Fourth National Bank had no knowledge of Mayer, nor of the condition of the meat, at or before the draft and bill of lading came into its possession. On April 18, 1891, the meat was received and inspected by Mayer, and found to be damaged to the extent of $250 ; and he immediately sued out the attachment and garnishment. The defendants represented were the two banks; Laidley & Co. did not appear and were not represented.

The judge, to whom the case was submitted without a jury, rendered judgment for $250 against all the defendants. The two banks except, and insist that so far as the judgment relates to them it is contrary to law and evidence; that the Fourth National Bank was the owner of the bill of lading and draft without knowledge

of defect, damages or equities between the sellers and purchaser; and that when the draft was paid the money belonged to that bank, and no judgment should have been rendered against it or against its collection agent, the First National Bank.

W. T. JONES, for plaintiffs in error.