BERNET & CRAFT, Appellants, v. W. D. HOCKADAY, Respondent.

Kansas City Court of Appeals, April 1, 1895.

1. **Appellate Practice**: CONFLICTING EVIDENCE: PROPER INSTRUCTIONS. Where the evidence is conflicting and the instructions properly submit the issues, there is no reason for disturbing the judgment.

2. **Commission Merchant**: DUTIES: NEGLIGENCE. It is the duty of the factor or commission agent to bring to the performance of his undertaking reasonable skill, care and diligence; if his failure in this regard brings loss to his principal, he is guilty of negligence and must answer in damages.

*Appeal from the Clinton Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*Riley & Herndon* for appellants.

(1) A misfeasance on the part of the agent must be proved by a preponderance of the evidence. Mechem on Agency, p. 388, sec. 503, and cases cited. A mere *scintilla* of evidence is not sufficient to support the verdict of a jury in such a case. *Powell v. Railroad*, 76 Mo. 84; *Commissioners v. Clark*, 94 U. S. 284. (2) The evidence in support of the plaintiffs' petition being

sufficient to make out their case, and there being no substantial countervailing evidence, a verdict for defendant will be set aside on appeal. *Lionberger v. Pohlman*, 16 Mo. App. 392. (3) A factor who makes advances upon consignments of goods to him for sale, acquires a special property in the goods, and becomes clothed with a discretion as to when he will sell, and at what price. *Brown v. McGran*, 14 Peters (U. S.), 479; *Field v. Farrington*, 10 Wall. 923; *Howard et al. v. Smith*, 56 Mo. 314. (4) Good faith and integrity are undertaken by the agent, and implied in every contract of agency. Mechem on Agency, sec. 495.

*F. B. Ellis* and *Witten & Hughes* for respondent.

(1) An agent must obey instructions at his peril. *Butts v. Phelps*, 79 Mo. 302; *Henry County v. Allen*, 50 Mo. 231; *Switzer v. Connett*, 11 Mo. 88; *Lewin v. Dille*, 17 Mo. 64; *Wilson v. Wilson*, 26 Pa. St. 394; *Walker v. Walker*, 5 Heisk. (Tenn.) 425. (2) It is no defense that the agent intended to act for the benefit of his principal. *Switzer v. Connett*, 11 Mo. 88; *Rechtscherd v. Bank*, 47 Mo. 181; *Singerson v. Pomroy*, 13 Mo. 620. (3) Where there is any evidence it must go to the jury. *Taylor v. Short*, 38 Mo. App. 21; *Twohey v. Fruin*, 96 Mo. 104.

GILL, J.—At the dates herein mentioned, plaintiffs were commission merchants at St. Louis, engaged in selling flour consigned to them, and the defendant Hockaday was a manufacturer of flour at Plattsburg, Missouri.

In the latter part of May, 1892, defendant shipped two car loads of flour to plaintiffs to be sold on the St. Louis market. A few days after the shipment, the

defendant drew on the plaintiff for $500, and the draft was paid as an advancement. There was great delay in selling the flour and it was not disposed of till in the January of the following year. According to plaintiffs evidence, they sold the flour at $1.80 per barrel, or in gross for the sum of $448.50, which after deducing various charges of freight, commission etc., left a net amount of about $278, which was $222 short of the $500 plaintiffs had advanced to the defendant at the date of shipment. The defendant refusing to pay said $222, plaintiffs instituted the present action.

In his answer defendant set up a counterclaim, where, in substance, it was alleged that plaintiff negligently carried the flour in store during the summer, fall and winter of 1892–93, and failed to sell the same, as they might have done, until the flour had declined in value and had become damaged, and all this contrary to the defendant's instructions; that by the exercise of proper diligence, plaintiffs could have sold the flour, shortly after receiving same, for the net sum of $750, and defendant asked, therefore, a judgment against plaintiffs for the sum of $250.

Although there was no reply to this answer, the parties tried the cause as if a reply consisting of a general denial had been filed. On a trial before a jury, there was a verdict and judgment for defendant in the sum of $10, and plaintiffs appealed.

An inspection of this record fails to disclose any substantial reason for disturbing the judgment. There was evidence tending to support and negative the allegations in the defendant's counterclaim. Plaintiffs testified to a course of honest, diligent effort on their part to sell the flour; that from the date of its receipt and until eight months thereafter they were unable to dispose of it, and that they did sell the flour for the best price obtainable; while, on the other hand,

defendant introduced ample and substantial evidence to the contrary, that plaintiffs did not exercise reasonable diligence in selling the flour; that they carelessly and wrongfully permitted it to rest in store and become stale and unsalable; and that, within a few days of its receipt, and at various times when they were holding the flour, the plaintiffs, if reasonably diligent, could have sold the same at a price much in excess of what they received.

The court's instructions to the jury were almost entirely such as were prepared and requested by plaintiffs' counsel, and they left it to the jury to say whether or not plaintiffs had in good faith and with reasonable diligence made sale of the flour. The court gave every instruction offered by plaintiffs, save only one in the nature of a demurrer to the evidence, and this was rightly rejected for reasons already stated.

It is the duty of a factor or commission agent, as with every other, to bring to the performance of his undertaking, reasonable skill, care and diligence. And if he fails in this, and his principal suffers loss by reason thereof, then such agent is guilty of negligence for which he must answer in damages. Mechem on Agency, sec. 490.

The judgment will be affirmed. All concur.