COLUMBIAN NATIONAL BANK, Appellant, v. W. M. WHITE, Respondent.

### Kansas City Court of Appeals, March 23, 1896.

1. **Sales:** BILL OF LADING: DRAFT: TITLE: DEFENSE. Where a shipper assigns the bill of lading and accompanying draft, the title to the property shipped is vested in the assignee; but such transfer of title does not impair or disturb the defenses of the consignee, which defenses remain the same against the transferee as against the assignor.

2. ————: PRINCIPAL AND AGENT: CONSIGNOR AND CONSIGNEE: DIRECTIONS. An agent is ordinarily bound to follow the direction of the principal and will be held for the loss occasioned by his negligence to do so; but where the consignee has called upon the consignor to advance a sufficient sum to indemnify him against loss and the consignor fails so to do, the consignee has the undoubted right in the exercise of a sound discretion to sell so much as is necessary for his protection even though such sale be made at a lower price than demanded by the consignor.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*McDougal & Crossan* for appellant.

(1) Having received the bill of lading in the regular course of business, and for value, prior to the attaching of any possible rights of the defendant, as commission merchant or otherwise, plaintiff is entitled to the proceeds of the shingles without diminution for freight paid by the defendant, or for sums paid by the defendant to the lumber company, or for defects in the shingles. Colebrooke on Collateral Securities, sec. 380, p. 506; sec. 373, p. 497; sec. 379, p. 505; sec. 382, p. 510; sec. 383, p. 512; sec. 384, p. 513; sec. 404, p. 542;

*Bank v. Homeyer*, 45 Mo. 145; *Skilling v. Bollman*, 73 Mo. 665; *Railroad v. McLiney*, 32 Mo. App. 166; *Dickson v. Elevator Co.*, 44 Mo. App. 498, 501; *Dymock v. Railroad*, 54 Mo. App. 408; *Bank v. Ross*, 9 Mo. App. 399; *Bank v. Cot. Con. Co.*, 11 Mo. App. 333; *Conrad v. Fisher*, 37 Mo. App. 352, 366, 388, 395, 407; *Valle v. Cerre*, 36 Mo. 575, 587; *Richardson v. Bank*, 31 Am. Rep. 740; *Bank v. Dearborn*, 115 Mass. 219; 2 Am. and Eng. Encyclopedia of Law, 240, 242, 243; *Bank v. Jones*, 55 Am. Dec. 290. (2) The defendant having admitted in his answer that the shingles were to be sold on commission at a specified price; that he sold them for less than that price; that he sold all of them; that they were sold for freight paid by the defendant, or for sums paid by the defendant to the lumber company, or for defects in the shingles. Colebrooke on Collateral Securities, sec. 380, p. 506; sec. 373, p. 497; sec. 379, p. 505; sec. 382, p. 510; sec. 383, p. 512; sec. 384, p. 513; sec. 404, p. 542; *Bank v. Homeyer*, 45 Mo. 145; *Skilling v. Bollman*, 73 Mo. 665; *Railroad v. McLiney*, 32 Mo. App. 166; *Dickson v. Elevator Co.*, 44 Mo. App. 498, 501; *Dymock v. Railroad*, 54 Mo. App. 408; *Bank v. Ross*, 9 Mo. App. 399; *Bank v. Cot. Con. Co.*, 11 Mo. App. 333; *Conrad v. Fisher*, 37 Mo. App. 352, 366, 388, 395. 407; *Valle v. Cerre*, 36 Mo. 575, 587.

*S. R. Beech* for respondent.

(1) Appellant bank held the draft and bill of lading, not as purchaser, but as mortgagee or pledgee, to secure it for the $120 it advanced, with surplus, to go to the lumber company. *Bank v. Jones*, 55 Am. Dec. 290. The lumber company could not transfer any greater right to the bank, in the goods, than it possessed at the time, and the bank must allow freight and our proper charges. 3 Wait's Actions and

Defenses; p. 297, and bottom of p. 302; *Dickson v. Elevator Co.*, 44 Mo. App. 498, 502. (2) White had a right to sell the shingles, for the best price he could get, after demand from, and refusal by, the lumber company, to reimburse him for his advances for freight, etc., regardless of former directions from the lumber company, as to price. *Dickson v. Elevator Co.*, 44 Mo. App. last part of page 501; *Merle & Co. v. Hascall*, 10 Mo. 406; 3 Wait's Actions and Defenses, p. 296 and 289; *Howard v. Smith*, 56 Mo. 314.

GILL, J.—At the date here mentioned, the Young Lumber Company was a manufacturer of lumber and shingles at Tacoma, and defendant White was a dealer at Pickering, Missouri. On May 10, 1894, the lumber company shipped a car load of cedar shingles to White to be sold on commission, at a stated price. At the same time the lumber company drew its draft on White for the price of the shingles, less $9, the agreed commission, and with the bill of lading attached assigned the same to the plaintiff, a banking institution at Tacoma.

When the shingles arrived at Pickering, White paid the freight, $134.61, and took them from the cars. White testified that he then discovered the shingles to be of a very inferior quality and much below the grade he had ordered, and he so advised the lumber company. After some correspondence and delay, White requested the lumber company to pay the railroad charges which he had advanced and take the shingles, at the same time giving notice that unless the charges were paid, he (White) would sell the shingles at the best price he could get and out of the proceeds reimburse himself. The company failed to pay the charges; defendant sold the shingles for $184, out of which he took $134.61, the freight charges he had paid, and $9

for commission and then remitted to the lumber company the balance, about $40.

Plaintiff sued White for $281, the entire amount of the original invoice. The case was tried by the court sitting as a jury, resulting in a judgment for plaintiff, in the sum $50.87 and plaintiff appealed.

We can discover no prejudicial error in the trial of this case and since, too, substantial justice has been done, the judgment will not be disturbed. Plaintiff's counsel are right in the contention that when the bank took an assignment of the draft and bill of lading from the lumber company—whether as an absolute purchase or as collateral security—it became vested with the title of the property. From that time on, plaintiff occupied the same relation toward the shingles, then in transit, that the lumber company did before the bill of lading was transferred. The assignment of the bill of lading operated as a symbolical delivery of the property covered by it. However, the rights of White, the consignee, were not impaired or disturbed by the change of ownership in the property. He was left with the same defenses as against plaintiff bank that he would have as against the lumber company.

The evidence, now, tended to prove (and it seems the court so found) that the shingles shipped to the defendant were not of the quality he agreed to take and sell for the lumber company; that defendant was unable to get the price at which they were billed to him; that he paid $134.61 freight charges, which neither the lumber company nor plaintiff returned to him; that defendant so advised his principals and gave them timely warning that unless reimbursed for these charges, he (defendant) would sell the shingles so as to make himself whole. But the defendant was not reimbursed; and after holding the property a reason-

able time, he was forced to sell the same at a less price than his principal had instructed him.

While now the agent is ordinarily bound to follow the directions of his principal, and will be held for the loss occasioned by selling the property entrusted to him for a less price than that fixed by the principal (*Switzer v. Connett*, 11 Mo. 88); yet, "where the consignee has called upon the consignor to advance to him a sufficient sum to indemnify him against loss, and the consignor has failed to do so, the consignee has the undoubted right, in the exercise of a sound discretion, to sell so much as is necessary for his protection at the current rates, even though such sale be made at a lower rate than demanded by the consignor." *Howard v. Smith*, 56 Mo. 314; *Phillips v. Scott*, 43 Mo. 86-92.

It is conceded that defendant got a reasonable price for the shingles. This he will have accounted for under the judgment appealed from, and it would seem that this is all that can rightly be demanded.

Plaintiffs have no just cause to complain of this judgment and it will be affirmed. All concur.