### AKERS *v.* JEFFERSON COUNTY SAVINGS BANK.

COBB, J. 1. This case is controlled by the ruling in *Fourth National Bank* v. *Mayer*, 89 *Ga.* 108 (2).

2. Even if the contract in question be treated as an Alabama contract, this court will adhere to its own decisions dealing with such a contract, under what it holds to be the common-law rule governing the same, it not appearing that there is any statute in Alabama in reference to the matter; and this is true even though a decision of the court of last resort in that State may have construed a similar contract differently under the rules of the common law. *Pattillo* v. *Alexander*, 105 *Ga.* 482.

3. There was no error in disallowing the amendment to the petition. Dealing with the case either in the light of the original petition, or in the light of the petition in connection with the amendment, no cause of action was set forth. *Judgment affirmed. All the Justices concur.*

Argued July 14, — Decided August 12, 1904.

Complaint. Before Judge Reid. City court of Atlanta. November 28, 1903.

Akers brought suit by attachment against Dickson & Company and the Jefferson County Savings Bank, residents of the State of Alabama. His petition alleged, that on June 1, 1903, he bought from Dickson & Company 60,000 pounds of corn at 60 1-4 cents per bushel, "delivered in Atlanta, Georgia;" that the corn was shipped from Jacksonville, Illinois, June 3, 1903, to Dickson & Company, on a bill of lading which was marked "order notify" the plaintiff, and attached to which was a sight draft; that the bill of lading and the draft were indorsed over to the Jefferson County Savings Bank, and it collected the money on them through the Fourth National Bank of Atlanta, Georgia; that the plaintiff paid for the corn on June 19, 1903; that when the corn reached

Atlanta, July 3, 1903, there was a shortage in it of 18,192 pounds; and that this shortage caused a loss to the plaintiff of a stated sum,— the amount sued for.     The Jefferson County Savings Bank demurred generally to the petition.     The plaintiff offered an amendment alleging, that the corn was delivered to the Wabash Railroad Company, at Jacksonville, Illinois, June 3, 1903, from Dickson & Company, and the bill of lading for the same was immediately sent to Dickson & Company in Birmingham, Alabama, who, on June 5, 1903, indorsed the bill of lading over to the Jefferson County Savings Bank, and at the same time drew a draft on the plaintiff and in favor of the Jefferson County Savings Bank; that on June 6, 1903, said bank forwarded the draft and the bill of lading to the Fourth National Bank of Atlanta, Georgia, for collection, and the plaintiff paid the draft, June 19, 1903; that he paid for the corn before it arrived, contrary to the agreement with Dickson & Company; that under the contract he was not to make payment until it arrived; that the defendants insisted on the payment of the draft before the corn arrived; that the said damage and shortage of the corn was caused by floods of the Mississippi river, and said bank knew and by the exercise of ordinary care should have known of the defective condition and shortage of the corn; that Dickson & Company told the Jefferson County Savings Bank that the corn was standing in the water at St. Louis and was damaged and short in consequence thereof, and this was given as a reason why it had not arrived in Atlanta, also as a reason for delay in payment of the draft; that said bank, in full possession of the facts and being the owner of the corn by transfer of the bill of lading, delivered the same to the plaintiff without notice, and did not allow him an opportunity to inspect the corn; that the delivery of the corn under such circumstances was a gross fraud against him; that Dickson & Company were the first vendors, and the Jefferson County Savings Bank the second vendor; that the defendants are liable under the laws of both Georgia and Alabama; that the indorsement of the bill of lading and the sale of the draft to the Jefferson County Savings Bank are both Alabama contracts, and the same should be enforced according to the law of Alabama.     Copies of the draft and bill of lading, and of the decision in Eufaula Grocery Co. v. Missouri National Bank (118 Ala. 408), were attached as exhibits.     The

court disallowed the amendment and sustained the demurrer, and the plaintiff excepted.

*O. E. & M. C. Horton*, for plaintiff, cited 91 U. S. 98; 65 Mo. App. 677, 679; 76 Miss. 84 (23 So. 439); 19 Tex. Civ. App. 246; 126 N. C. 176; 118 Ala. 408 (24 So. 389); Pol. Code, § 8; 2 *Ga.* 166.

*Rosser & Brandon* and *W. T. Colquitt*, for defendant, cited 89 *Ga.* 108; 79 *Ga.* 810, 815 (4); 50 L. R. A. 777, 49 Id. 680; 105 *Ga.* 482.