D. W. WILKINSON v. C. J. SEARLES.

1. SET-OFF. *Former transactions. Money recoverable on common counts.*

    If the plaintiff has in his hands money which the defendant is entitled to recover by an action for money had and received, though by reason of former transactions, defendant is entitled to plead set-off.

2. SAME. *Character of debt set off. Former transactions.*

    In an action for the price of a car-load of meal, defendant may assert as a set-off a claim he has against plaintiff, because of inferior quality and short weights in corn and oats formerly purchased from plaintiff and paid for.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Searles, a broker in Vicksburg, Miss., sued Wilkinson, a broker in Jackson, Miss., for $295, the price of a car-load of meal sold April 28, 1892. The defendant admitted the correctness of the claim, but pleaded, by way of offset, that plaintiff was indebted to him in the sum of $246.12, on account of former transactions between the parties. The pleas of defendant, in substance, averred that Wilkinson had, some months previously to the purchase of the meal sued for, bought of the plaintiff ten car-loads of number 2 mixed corn, at the price of fifty-two cents per bushel, aggregating $3,128.75, which amount was paid plaintiff, but that he delivered corn of a lower grade and of less value by the sum of $218.64, according to the contract price. The pleas also averred that, in the purchase by defendant from plaintiff of said corn and certain oats, there was a shortage in weight of the same, according to the contract price, amounting to $27.58. This sum, added to the $218.64, aggregated $246.12, being the difference in value between the corn and oats purchased and paid for and those actually delivered by plaintiff.

Defendant tendered with his pleas the difference between said sum of $246.12 and the sum demanded by plaintiff.

The plaintiff demurred to these pleas, on the following grounds: 1. The pleas are an attempt to set off unliquidated damages growing out of prior transactions. 2. There is no sufficient allegation of any set-off or cross-action. 3. The said pleas are no defense.

The demurrer was sustained. Defendant declined to plead further, and, from a judgment in favor of plaintiff for the amount demanded, prosecuted this appeal.

*Brame & Alexander*, for appellant.

Defendant was not seeking to enforce a claim for unliquidated damages, but an *account* upon which he could have sued in *indebitatus assumpsit*. The statute provides that the defendant may "plead and set off against the demand of the plaintiff any *debt or demand* which he may have against the plaintiff." Code 1880, § 1551. This is broad language. The demand of the defendant consists of two items: (1) A claim because of the purchase of corn of a certain grade, whereas, the corn that was delivered was of a lower grade and less *value*. (2) Because of the purchase of a certain quantity of corn and oats, whereas, a *less quantity* was delivered. The demand arises *ex contractu*, and is easily capable of being made certain. The right of set-off has been greatly enlarged under our statutes from time to time. *Ashby* v. *Carr*, 40 Miss., 64; *Casper* v. *Thigpen*, 48 *Ib.*, 635; *Hunt* v. *Shackelford*, 55 *Ib.*, 94.

In *Cobb* v. *Lees*, 60 Miss., 343, this court stated the true rule when it said that set-off was not allowable there, because *indebitatus assumpsit* could not be maintained.

In *Pollard* v. *Thomas*, 61 Miss., 150, it was properly held that the beneficiary in a trust-deed, having only an equitable right, could not maintain an action at law for the proceeds of the property embraced in the deed converted by a third party. But the court refers to *Ashby* v. *Carr* and *Hunt* v. *Shackelford*,

and recognizes the contrary rule as applicable where the right or claim is asserted *defensively*.

The statute was intended to prevent circuity of action and expense, and wisely contemplated the settlement in one suit of the entire controversy between parties in a case like this.

In addition to the authorities cited above, we refer to the following: *Austin* v. *Rawdon*, 44 N. Y., 63; *Vilmar* v. *Schall*, 61 *Ib.*, 564; *Smith* v. *McCarthy*, 39 Kan., 308; 82 Pa., 128; 6 Minn., 319; *Becker* v. *Northway*, 20 Am. St. R., 543; 12 Am. Dec., 155, and cases cited in note. See especially *Eads* v. *Murphy*, 52 Ala., 520.

*Calhoon & Green*, for appellee.

The pleas set up unliquidated damages arising from prior transactions. The damages resulting from a breach of contract are unliquidated when there is no criterion furnished for their ascertainment. Waterman on Set-off, § 301. See same authority, § 298. Defendant's unsettled account consists of a claim not only unliquidated but wholly uncertain. *Ib.*, § 300. See also cases cited in notes, §§ 333, 361.

Loss of goods cannot consist of set-off. *Ib.*, § 326.

Nor can damages in action for deceit for sale. *Ib.*, §§ 302, 303, 312, 328.

In our state, unliquidated damages cannot be set off. *Whitaker* v. *Robinson*, 8 Smed. & M., 349; 48 Miss., 639; *Burrus* v. *Gordon*, 57 *Ib.*, 93; *Cobb* v. *Lees*, 60 Miss., 343. An account composed of items of damages for inferior grain and loss in weight, without any standard by law or contract to ascertain the amount, and which can only be arrived at by evidence *pro* and *con*, cannot be made the basis of a set-off.

Argued orally by *L. Brame*, for appellant, and *M. Green*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The demurrer should have been overruled. The substance

. of the fourth, fifth and sixth pleas is that the plaintiff has in his hands, by reason of former transactions set forth in the pleas with needless particularity, money which the defendant is entitled to recover, by an action for money had and received; and, whatever may be true elsewhere, under our statute this is a valid set-off. There is nothing in any of the cases from our reports cited by counsel inconsistent with this view. On the contrary, they sustain it.

*Reversed, demurrer to the fourth, fifth and sixth pleas overruled, and cause remanded for further proceedings in the circuit court.*