EXCHANGE NATIONAL BANK OF LITTLE ROCK *v.* SEARLES
BROTHERS.    SAME *v.* ALBERT G. RUSSELL.

SALES.    *Draft with bill of lading.    Transfer by consignor.    Rights of consignee.    Code* 1892, § 3503.

    A bank which has bought a consignor's draft for the price of a commodity, and taken an assignment of a bill of lading therefor, occupies, as to the consignee, the situation of the consignor only as to the goods represented by the bill of lading, and the consignee, after paying the draft and receiving the bill of lading and goods, may subject the proceeds of the draft in the hands of a collecting bank to his demand for damages resulting from shortage in weights and defective quality of the particular goods represented by the bill of lading, but not from the failure of the consignor to deliver other goods, although they may be included in the one contract of sale. [*Searles Bros.* v. *Smith Grain Co.*, 80 Miss., 688, *explained*, first syllabus thereof *limited.*]

FROM the chancery court of Warren county.
HON. W. P. S. VENTRESS, Chancellor.

Searles Brothers and Russell, respectively, appellees, in the cases were complainants in the court below; the Smith Grain Company, the Exchange National Bank of Little Rock, Arkansas, appellee, and a Vicksburg Bank were defendants there in both cases.

The cases were heretofore appealed to the supreme court and the decision then made, in one of them, but controlling in both, is reported, *Searles Brothers* v. *Smith Grain Company*, 80 Miss., 688. The facts are stated in the former report, but may be concisely restated as follows: The suits were attachments in chancery by the respective complainants against the Smith Grain Company, the appellee bank and a Vicksburg bank being defendants. The complainants averred a contract with the grain company for the purchase of considerable quantities of grain; that a part only of the grain was shipped; that in order to supply their customers complainants were compelled to buy grain in the market at a higher price than that for which they bought from the defendant grain company ; that the grain shipped was of inferior quality to that called for in the contracts, whereby loss and damage was suffered. That for the grain shipped the grain company drew a draft on complainants in favor of appellant Exchange National Bank of Little Rock, with bill of lading attached to the draft; that complainants paid the draft through the local bank, a defendant, which yet had the proceeds of the draft in its hands. The payers in each case was to subject the funds in the hands of the local banks to the complainants' demands. The appellant's answer in each case was an assertion of ownership of the draft, and of the grain represented by the bill of lading, claiming that it had purchased the same in good faith, for value, without notice of any contract between complainants and the grain company, or any failure by that company to carry out its contracts with complainants.

The court below on the last trial decreed for complainants, allowing in each case not only damages because of defective

quality and of short weights in the grain represented by the respective bills of lading, but also for a failure by the grain company to ship the entire quantity of grain which it had contracted to sell to the respective complainants.

From this decree the Exchange National Bank of Little Rock appealed to the supreme court.

*Catchings & Catchings*, for appellant.

The chancery court erred in rendering a decree against the Exchange National Bank direct, or for the subjection of the funds arrested in the hands of the Vicksburg banks, to the payment of the damages sustained by Searles Brothers by reason of the failure of the Smith Grain Company to deliver all of the grain which it had contracted to deliver.

This court on the former hearing did not decide that the Exchange National Bank or its funds could be made so liable. The opinion of this court does not contain a single word which could be distorted into warranting such a decree as that rendered herein. The authorities referred to by this court in fact exclude the idea that it was intended to hold that the Exchange National Bank or its property could be subjected to the payment of such damages.

On the former hearing the decree of the chancellor dismissing the complainant's bill was reversed and the cause remanded simply and solely for the reason that the court held that this was not an attachment in violation of the statutes of the United States, and this being so, the chancellor had clearly erred in not rendering a decree for the damages sued for by Searles Brothers growing out of a defect in the quality of the grain which was delivered.

In its opinion this court begins by saying that the case fell within *Miller* v. *Bank*, 76 Miss., 84; *Landa* v. *Lattin*, 19 Texas Cov. App., 246; *Bank* v. *White*, 65 Mo. App., 679; *Finch* v. *Gregg*, 126 N. C., 176.

An inspection of these cases will show that in every one of

---

---

them the liability which was imposed upon the bank, to which a bill of lading had been endorsed and which had purchased the draft accompanying the bill of lading was for damages growing out of a defect in the quality of the property covered by the bill of lading, and for the value of which the draft was drawn. There is not a case in the books from the beginning of jurisprudence until now which holds, or intimates, that a bank to which a bill of lading is endorsed, can be made liable for damages sustained by the person to whom the property described in the bill of lading is to be sold or delivered, by reason of a failure on the part of the original shipper who endorsed and delivered the bill of lading to the bank to deliver other property than that covered by the bill of lading.

*McLaurin, Armstead & Brien,* for appellee.

We rely with perfect confidence on the reasoning and authorities set out in the opinion of the court sustaining our contentions in this case, *Searles Bothers* v. *Smith Grain Company,* et al., 80 Miss., 688. We think the conclusion reached by the court on the former trial cannot be successfully assailed. The reasoning is conclusive and convincing and settles the rights of the parties unquestionably in the proper manner under our statute.

The decree of the lower court, rendered in accordance with the opinion of this court in this case, should be affirmed.

Argued orally by *T. C. Catchings,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The decree of the court below went too far. This arose, doubtless, from misapprehension on the part of the learned chancellor of the opinions in these cases in 80 Miss. 688, 32 South. 287. Whatever damage the appellees in these two cases have sustained by reason of defective quality in the grain, or by reason of any shortage in the grain delivered to appellees

covered by the bills of lading, they may recover, but they cannot recover from this appellant any damage which they may have sustained by reason of the failure of the Smith Grain Company to ship grain which it had contracted to ship. That failure on the part of the Smith Grain Company to deliver to these appellees other shipments of grain than those covered by the bills of lading in these two specific cases, purchased by the appellant, is a breach of the contract between the appellees and the Smith Grain Company, but is no breach of contract on the part of the appellant. The appellant simply had nothing to do with those contracts. It is in no way connected with the breach of those contracts by the Smith Grain Company. The ground on which recovery is allowed against appellant for defective quality and shortage in quantity of the particular grain covered by the bills of lading bought by the appellant is that as to such grain the appellant has been contractually substituted as the vendor of all such grain in place of the Smith Grain Company, and, of course, must answer as any other vendor would answer for defects in quality and for shortage in quantity. But there is no contractual relation whatever between the appellant bank and either of the appellees or the Smith Grain Company as to any other grain than such grain as the appellant bought the bills of lading for. The appellant has no concern with the failure of the Smith Grain Company to carry out its contracts to ship indefinitely other carloads of grain which it may have contracted with the appellees to ship. The distinction is plain. *Miller* v. *Bank*, 76 Miss., 84 (s. c., 23 South., 439), and the cases from Texas, Missouri and North Carolina cited by us in the former opinion show what we mean. They are all cases in which the bank had become, by purchase of the bills of lading, the substituted vendor of the grain covered by such bills of lading, and that is the whole extent of our former opinions.

*Reversed and remanded.*